UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
PRO SE OFFICE
2021 AUG 17 AM 11:12
S.D. OF N.Y.

SHARIF KING

_____

Write the full name of each plaintiff.

-against-

The City of New York, Omar Malcolm Shield #134, Officer Persaud shield #19032, Officer Gonzalez

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

No. _____
(To be filled out by Clerk's Office)

42 U.S.C. §1983
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

Jury Trial Demanded

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

SHARIF _____  _____  KING _____
First Name        Middle Initial    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

18A4833 _____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Great Meadow Correctional Facility _____
Current Place of Detention

Box 51 _____
Institutional Address

Comstock _____  NY _____  12821 _____
County, City             State         Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: The City of New York
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Defendant 2: Omar / Malcolm / 184
First Name / Last Name / Shield #

Asst. Deputy Warden
Current Job Title (or other identifying information)

18-18 Hazen Street
Current Work Address

East Elmhurst / NY / 11370
County, City / State / Zip Code

Defendant 3: ~~Goa~~ Persaud / 19032
First Name / Last Name / Shield #

Correction Officer
Current Job Title (or other identifying information)

18-18 Hazen Street
Current Work Address

East Elmhurst / NY / 11370
County, City / State / Zip Code

Defendant 4: Gonzalez
First Name / Last Name / Shield #

Correction Officer
Current Job Title (or other identifying information)

18-18 Hazen Street
Current Work Address

East Elmhurst / NY / 11370
County, City / State / Zip Code

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: <u>Bronx County, So. District of New York</u>

Date(s) of occurrence: <u>August 23, 2018 through August 29, 2018</u>

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

① On or About August 23, 2018, plaintiff, while a pre-trial detainee in the custody of the City of New York ("The City") Department of Corrections ("D.O.C."), was admitted to the Anna M. Kross Center ("AMKC") on Rikens Island.

② Plaintiff was housed in the Quad lower 14 cell block where Defendant Persaud was on post as the Officer-In-Charge ("OIC").

③ Defendant Persaud ordered plaintiff to enter and "lock in" a cell that did not contain a mattress or bedding, where the toilet was inoperable as it was filled with feces, trash and banana peels, the sink did not work and was filled with brown water and covered in what appeared to be blood and where there were pools of standing water and urine.

④ The cell plaintiff was assigned to by Defendant Persaud offered no ventilation and the windows were inop on a day when temperatures in the area of 8—

were in the range of 88°.

5) Plaintiff informed Defendant Persaud of the cell's condition, that plaintiff did not have a mattress or bedding and that plaintiff needed to be moved to a different cell.

6) Defendant Persaud refused to move plaintiff to a different cell and replied in substance that if plaintiff did not like the cell's conditions that plaintiff should not come to jail.

7) On or about August 24, 2018 Defendants Gonzalez relieved Defendant Persaud as the O.I.C. and plaintiff immediately notified Defendant Gonzalez that plaintiff did not have a mattress or bedding and of the cell's condition.

8) Defendant Gonzalez refused to provide plaintiff a mattress or bedding or to move plaintiff to a different cell explaining that she had been ordered not to open any cells and that all the cells were in similar condition.

9) Defendant Malcolm toured the Quad 14 lower cell block at which time plaintiff informed him of the condition of the cell plaintiff had been assigned to, that plaintiff did not have a mattress and also needed bedding and that Defendant Gonzalez had stated all the cells in the cell block were in similar condition.

10) Defendant Malcolm walked with plaintiff from cell to cell as plaintiff demonstrated the pools of murky sitting water, inoperable toilets and sinks and dead rodents in each cell.

11) Plaintiff also showed Defendant Malcolm that the showers and common area toilets did not work and that the common area sink was flooded and clogged with trash including latex gloves and D.O.C. court slips used exclusively by officers.

⑫ Defendant Malcolm replied that "plaintiff complained too much..." And that plaintiff should "just deal with it since it's only for the weekend" but Defendant Malcolm did not take any action to correct the conditions of the cell block, move plaintiff to a different cell block or afford plaintiff a mattress or bedding.

⑬ The City knew of the specific conditions of confinement where plaintiff was being housed but took no action to remedy the conditions or cause plaintiff to be moved from the cell block.

⑭ The City created a custom that caused plaintiff to be subjected to the unconstitutional conditions described in by failing to discipline D.O.C. employees who ignored unsanitary or potentially hazardous conditions.

⑮ From August 23, 2018 through August 29, 2018, because Defendants Persaud, Malcolm, Gonzalez and the City failed to act, plaintiff did not have a mattress or bedding, did not have access to a shower or toilet, did not have clean drinking or bathing water or even a place free of waste or waste water to rest or sit.

⑯ The Defendants were deliberately indifferent to the risk of plaintiff's health and future health.

⑰ The actions and inaction of the Defendants and the conditions of confinement which the Defendants subjected plaintiff to were antithetical to human dignity; caused the unnecessary and wanton infliction of pain, deprived plaintiff of basic human needs and the minimal civilized measures of life's necessities, were cruel and unusual and devoid of any legitimate penalogical merit.

⑱ The Defendants actions and inaction alone or in combination with the conditions of confinement had a mutually enforcing effect that deprived plaintiff of the minimal civilized measures of life's necessities.

PAGE 6

19.) On or about August 24, 2018 Tymeare Jones, an inmate also in custody of the City D.O.C. was brought to the Quad 14 lower cell block and placed in a cell after what officer's described as a "M.O. (mental observation)" incident during which he soiled himself and began smearing feces on himself.

20.) Defendant Malcolm instructed an officer that plaintiff was to be logged in the log book as the "S.P.A." (Suicide prevention Aide) and was to monitor Mr. Jones continuously until he was removed from the cell block.

21.) SPA's are inmates trained, screened and paid by the City D.O.C. to monitor inmates at risk for suicide.

22.) Plaintiff had not been trained, screened or tested for the SPA position.

23.) Defendant Malcolm forced plaintiff to work monitoring inmate Jones, cleaning up feces inmate Jones had smeared across his cell, serving his food and making written entries describing inmate Jones' behavior around the clock from August 24, 2018 through August 29, 2018.

24.) Defendant Malcolm threatened plaintiff with DOC disciplinary confinement and criminal charges if plaintiff refused to work in that capacity.

25.) Defendant Malcolm violated plaintiff's Thirteenth Amendment right.

26.) Plaintiff exhausted all the remedies available to him.

Page 2.

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

Plaintiff request that this Court Award punitive damages against The City of New in the Amount of $90,000.00 and punitive damages Against Defendants Persaud, Gonzalez And Malcolm in the Amount of $28,000.00 each.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

August 16, 2021
Dated

Sharif King
Plaintiff's Signature

Sharif
First Name

Middle Initial

King
Last Name

Box 51
Prison Address

Comstock
County, City

NY
State

12821
Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 8/16/21

**GREAT MEADOW CORRECTIONAL FACILITY**
BOX 51
COMSTOCK, NEW YORK  12821-0051

NAME: Sharif King          DIN: 12A4833

U.S. District Court
Attn: Pro Se Intake
500 Pearl Street
New York, NY 10007

LEGAL MAIL